IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIERAN COUGHLAN and CLAIRE RIORDAN,<br><br>Petitioners,<br><br>vs.<br><br>FERGUS HOBAN,<br><br>Respondent. | CASE NO.: 8:17-cv-00003-JMG-SMB<br><br>**BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON ARBITRATION AWARD** |

Petitioners Kieran Coughlan and Claire Riordan ("Petitioners") seek to have an arbitration award rendered in Ireland enforced here, in Nebraska, because Respondent Fergus Hoban lives and has assets here. Ireland is a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Arbitration Act, 1980 (Act. No. 7/1980) (Ir.) *available at* http://www.irishstatutebook.ie/eli/1980/act/7/enacted/en/print#partiii (last visited May 25, 2017). The United States is also a party to the Convention, which is implemented and codified as Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201, *et. seq.* As such, Irish commercial arbitration awards are entitled to enforcement in United States courts. 9 U.S.C. § 207. The process to enforce a foreign arbitration award is meant to be a summary procedure, and the role of the district court is to give the award the force a court order. *Zeiler v. Deitsch,* 500 F.3d 157, 169 (2nd Cir. 2007).

Respondent has attempted to delay enforcement of the award as long as possible, but no further delay is warranted. The Court should proceed with the confirmation of the award and entry of judgment. Respondent previously requested that a stay be entered in these proceedings while Respondent's appeal of the award to the Irish High Court was pending (Doc #11). On May 12, 2017, the Irish High Court entered an Order that upheld the arbitration award and refused

Respondent's request to set aside the award. *See High Court Judgment*, attached as Exh. A. to Declaration of Niall Day dated May 26, 2017 (included with Index of Evidence filed concurrently with this brief). Under the laws of Ireland, no appeal can be taken from the Irish High Court on an application to set aside an arbitration award. Arbitration Act, 2010 (Act. No. 1/2010) (Ir.) *available at* http://www.irishstatutebook.ie/eli/2010/act/1/enacted/en/html (last visited May 25, 2017) (stating, in section 11, that "There shall be no appeal from … any determination by the High Court of an application for setting aside an award under Article 34 of the Model Law). Therefore, Respondent's attempt to set aside the award has hit a dead end. The award is valid and should be enforced here accordingly.

Undoubtedly, Respondent will attempt to again question the enforceability of the award here in an effort to delay entry of a judgment. But questioning the enforceability of the award now, after just completing an appeal in Ireland on the enforceability of the award, constitutes a re-litigation of issues that were already decided by the Irish High Court on Respondent's appeal in Ireland. In the Irish High Court appeal, the Respondent challenged the enforceability of the award on procedural grounds, including a) that he was not given proper notice of the appointment of an arbitrator or of the arbitration proceeds and was unable to present his case, and b) the award was not a reasoned award. *See High Court Judgment.* Respondent should not be allowed to now question the enforceability of the award in an American court; to do so would give him a second opportunity to appeal after he already lost the first. *Black Clawson Co., Inc. v. Kroenert Corp.*, 245 F.3d 759, 763 (8th Cir. 2001) (stating foreign adjudication of an issue can preclude re-litigation in federal court). Furthermore, the principal of comity for decisions of international tribunals dictates that the decision of the Irish High Court should not be disturbed. 15A C.J.S. *Conflict of Laws* § 7 (2017).

This matter should be brought to a conclusion with the confirmation of the arbitration award and entry of judgment. Petitioners are entitled to enforcement of their award, and have already met the necessary prerequisites to allow the entry of a judgment by filing a petition that included a certified copy of the award on the arbitration judgment and the arbitration agreement. 9 U.S.C. § 207; 21 U.S.T. 2517, Article IV; *Petition to Confirm Foreign Arbitral Award* (Doc #1). Petitioners request that this matter not be prolonged further and the Court enter an Order that grants them the relief requested in its Motion for Entry of Judgment on Arbitration Award.

DATED this 26th day of May, 2017.

        KIERAN COUGHLAN and CLAIRE RIORDAN, Petitioners

By: /s/ Steven G. Ranum
Martin P. Pelster, #19223
Steven G. Ranum, #24716
CROKER, HUCK, KASHER, DeWITT,
  ANDERSON & GONDERINGER, L.L.C.
2120 South 72nd Street, Suite 1200
Omaha, Nebraska 68124
(402) 391-6777
mpelster@crokerlaw.com
*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2017, I caused the above document to be filed with the Clerk of the Court using the CM/ECF system which gave notification electronically upon all parties who filed an appearance by electronic filing in this case, and I hereby certify that I have mailed by first class United States mail, postage prepaid, the document to the following:

None.

/s/ Steven G. Ranum
Steven G. Ranum #24716

00695721.DOC